UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA MOBLEY,

    Plaintiff,

v.                                            Case No. 3:23-cv-519-TJC-PDB

SHEVAUN HARRIS and WILTON SIMPSON,

    Defendants.

## ORDER

This case is before the Court on the United States Magistrate Judge's Report and Recommendation recommending dismissal (Doc. 11). Dismissal is warranted—as is a warning.

By filing a document, a party makes certain representations to the court, including that the document is not presented for any improper purpose (such as to harass), the legal contentions are warranted by law, and the factual contentions are supportable. FED. R. CIV. P. 11(b). A violation of Rule 11(b) may result in sanctions, including nonmonetary directives and monetary penalties. FED. R. CIV. P. 11(c).

This is one of seventeen cases Plaintiff Victoria Mobley has filed in the Middle District of Florida since the beginning of the year. The allegations in

many of the cases are related, and many of the defendants are the same. Eight cases have been dismissed for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, failure to prosecute, or some combination of the three. The others remain open pending a review under the in forma pauperis statute.

In three cases—including twice in this one—Mobley has labeled motions "time-sensitive" despite non-urgent circumstances, diverting the Court's attention from other important matters pending longer. She has already been warned that improperly labeling a motion "time-sensitive" is serious and sanctionable.

In seven cases, Mobley has asked the Court to issue arrest warrants for the defendants and has filed notices of her "intent to seek the death penalty," including three times <u>after</u> the Court explained it lacks authority to grant such relief. In one case, a judge struck the notices as improper. In all cases, the notices are malicious. As Mobley has been aware for months now, only a prosecutor can initiate criminal charges. And the death penalty is <u>never</u> available in a civil case.

Finally, the Magistrate Judge stayed the issuance of summonses and service of process in this case pending a decision on whether the case should be dismissed. (Doc. 10 at 2.) Nevertheless, Mobley filed an unauthorized Second

2

Amended Complaint[1] and attached proof of emailing a copy to the defendants. (Doc. 16 at 10–13.) Emailing the defendants served no legitimate purpose, is harassment, and borders on a violation of the Court order.

The Court has repeatedly explained the bases for federal jurisdiction and pleading requirements, explained the impropriety of Mobley's various requests, and directed Mobley to resources for unrepresented litigants. Ignoring all of this, Mobley continues to file meritless complaints, motions, and other documents.[2]

The pattern cannot continue. The Court has expended considerable resources addressing Mobley's frivolous and often malicious filings. A federal court is not to be used to harass or intimidate others. Even extending the benefit of substantial doubt, Mobley's voluminous filings are not the result of good-faith

---

[1] Filing a Second Amended Complaint without leave from the Court is improper. A plaintiff cannot circumvent an unfavorable report and recommendation by filing an unauthorized document. But even if the Court were to consider the Second Amended Complaint, the outcome is the same. Mobley fails to correct the deficiencies described in the order directing the first amended complaint (Doc. 3) and the Report and Recommendation (Doc. 11).

In the Second Amended Complaint, Mobley requests an injunction. The circumstances do not warrant an injunction, and the Court declines to issue one.

[2] The Court has no reason to believe Mobley is mentally ill, of low intelligence, or otherwise incapable of understanding the Court's orders. Indeed, from her filings, she appears more sophisticated than most pro se litigants. Considering her capabilities, her indifference to the Court's orders and repeated inappropriate filings are even more inexcusable.

3

error, ignorance, or a genuine effort to vindicate her rights. Going forward, her filings must conform to the many explanations of the law the Court has already provided and must not be designed to harass or intimidate defendants. Continued abusive filing may result in an order prohibiting her from initiating future lawsuits without a lawyer or other appropriate sanctions.

Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 11), it is hereby

**ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 11) is **ADOPTED** as the opinion of the Court.

2. The Objection (Doc. 14) is **OVERRULED**.

3. The Second Amended Complaint (Doc. 16) is **STRICKEN**.

4. The case is **DISMISSED WITHOUT PREJUDICE**.

5. The clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, the 3rd day of October, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

vng

Copies to:

The Honorable Patricia D. Barksdale
United States Magistrate Judge

Victoria Mobley
1601-1 North Main Street Unit #13214
Jacksonville, FL 32206

Victoria Mobley
1655 West 34th Street
Jacksonville, FL 32209

5